UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.T., on behalf of her son and ward, M.T.,<br><br>    Plaintiff,<br>v.<br><br>VERONA BOARD OF EDUCATION,<br><br>    Defendant. | 06-CV-4153 (WJM)<br><br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

George M. Holland
Lentz & Gengaro
443 Northfield Avenue
West Orange, NJ 07052
    *(Attorneys for Plaintiff)*

James F. Schwerin
Parker McCay, PA
Building Four East
1009 Lenox Drive
Suite 102A
Lawrenceville, NJ 08648
    *(Attorney for Defendant)*

**MARTINI, U.S.D.J.**:

This matter is before the Court on cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56(c) concerning Plaintiff's appeal of Administration Law Judge ("ALJ") Clancy's final decision of August 23, 2006 under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 *et seq*. The motions have been briefed and oral argument was held on October 26, 2006. For the reasons explained below, the Court will **GRANT** summary judgment in favor of Plaintiff and **REVERSE** the ALJ's opinion.

## BACKGROUND

M.T. is a mentally and physically handicapped young man currently attending the Mollie Woods Program and Gardner Education Center at Woods Services in Pennsylvania. He turned 21 on August 2, 2006. Plaintiff C.T. is his mother and legal guardian. On March 15, 2006, Plaintiff filed a petition for due process with the N.J. Dept. of Education demanding that Defendant continue to fund the costs of M.T.'s residential placement at Woods Services through June 30, 2007. At that time, he was enrolled at Woods Services for the 2005-2006 school term with an extended school year program ("ESY") ending August 21, 2006 and he was not given funding by Defendant to continue his placement for the 2006-2007 school year.

After failed mediation in April 2006, the petition was referred to the N.J. Office of Administrative Law, and on May 18, 2006, Plaintiff filed a motion for summary judgment against Defendant with that office. On August 23, 2006, ALJ Thomas E. Clancy disposed of the matter by a Final Summary Decision ("ALJ Decision") concluding that Plaintiff was ineligible for special education funding from Defendant beyond August 21, 2006. His decision focused on the fact that petitioner was enrolled in a program where his ESY offered educational services beyond the traditional school term, that M.T. turned age 21 during the 2005-2006 ESY, and an interpretation that the relevant law does not require educational funding beyond the end of any school year during which a recipient turns 21. Therefore, the ALJ held that M.T. was entitled to no further special educational funding by Defendant beyond the August 21, 2006 end of his ESY. (ALJ Decision at 6.)

On August 31, 2006, Plaintiff filed a Complaint with this Court pursuant to the IDEA, and New Jersey Special Education Regulations, N.J.A.C. 6A:14-1.1 *et seq.*, appealing the ALJ's decision. On September 12, 2006, Plaintiff amended the Complaint and filed for temporary

injunctive relief by Order to Show Cause.  The matter was fully briefed.

The Court heard oral arguments on October 26, 2006 during which both parties agreed that this matter should be considered by the Court now on cross-motions for summary judgment and a briefing schedule was set for any additional submissions in support of summary judgment. Plaintiff submitted her supplemental brief on November 17, 2006 and Defendant responded on November 27, 2006.

## DISCUSSION

### I.      Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment.  *See Anderson*, 477 U.S. at 247-48.  If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing an ALJ decision in an IDEA case, the district court applies a de novo standard to questions of law.  *P.N. v. Greco*, 282 F.Supp.2d 221, 235 (D.N.J. 2003); *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006).  Findings of fact are considered by the district court under a modified de novo standard of review.  *See, e.g., Ramsey*, 435 F.3d at 389.

Because the facts before the ALJ here were not in dispute, his decision was based entirely on interpretation of relevant law. (ALJ Decision at 2.) Therefore this Court's review of the ALJ's decision is plenary.

## II.     Plaintiffs' Motion for Summary Judgment Is GRANTED

### A.     The IDEA Applies to Students Through the End of the School Year During Which They Reach Age 21

"The Individuals with Disabilities Education Act ("IDEA") is the vehicle created by Congress to ensure states follow a mandate to provide a 'free and appropriate education' . . . to all disabled children.'" *P.D. v. Franklin Twp. Bd. of Educ.*, No. Civ. 05-2363(SRC), 2006 WL 753152 at *1 (D.N.J. Mar. 23, 2006) (citing 20 U.S.C.A. § 1412). New Jersey has enacted similar legislation. *See* N.J.S.A. 18A:46-1 *et seq.*; N.J.A.C. 6A: 14-1.1 *et seq.*

The IDEA specifically applies to "all children with disabilities . . . between the ages of 3 and 21, *inclusive*." (emphasis added). 20 U.S.C.A. § 1412(a)(1)(A). Although this Circuit has not addressed the precise definition of "inclusive," the Court is instructed by the thorough analysis applied by the Second Circuit in *St. Johnsbury Acad. v. State of Vt. Dept. of Educ.*, 240 F.3d 163 (2d Cir. 2001). In that case the Second Circuit held that the use of the word "inclusive" in the IDEA, if it "is to mean something, as it must, it means that the relevant period begins on a child's third birthday and ends on the last day of his 21st year." *Id.* at 168. The Second Circuit went on to note that the IDEA's obligation to make a free public education available to people from 18-21 only applies to the extent that it does not conflict with appropriate state laws and regulations. *Id.* at 169; 20 U.S.C.A. § 1412(a)(1)(B)(i).

New Jersey law follows the IDEA, with the slight limitation that a qualified student who attains age 21 during a school year may continue to receive educational benefits only until the

end of that school year. Specifically, N.J.A.C. 6A:14-1.3 defines a "student" as "a person age three through 21 who is entitled to receive educational programs and services in accordance with Federal or State law or regulation." It then defines "Age 21" as "the attainment of the 21st birthday by June 30 of that school year. Students with disabilities attaining age 21 during the school year shall continue to be provided services for the balance of that school year." *Id*.

Furthermore, N.J.S.A. 18A:36-1 states unequivocally that "[t]he school year for all schools in the public school system shall begin on July 1 and end on June 30." Plaintiff has also provided the Court with a June 6, 2006 letter to Plaintiff's counsel from Joanne Boyle at the State of New Jersey Department of Education confirming this definition of "age 21"and further explaining that "therefore, if a student with a disability turns 21 in August of any year, he is entitled to services, if eligible, through the following June 30th." (June 6, 2006 Boyle letter at 1 n.*.) Therefore, it is clear to the Court that M.T. was entitled to educational benefits until the end of the school year in which he turned 21.

### B.  The ESY Does Not Affect the End of the School Year

In his Decision, the ALJ held that the end of M.T.'s most recent school year was August 21, 2006, the date his ESY ended. Therefore, the ALJ concluded that M.T., who was born on August 2, 1985, turned 21 before the end of his 2005-2006 school year and was not entitled to any further educational benefits past August 21, 2006. The ALJ cited to N.J.A.C. 6A:14-1.3 for authority. (ALJ Decision at 6.) However, this analysis is incorrect.

N.J.A.C. 6A:14-1.3 defines an ESY as follows: "'Extended school year services'" means special education and related services that are provided to a student with a disability beyond the normal school year in accordance with the student's [education plan] at no cost to the parent." This definition in no way indicates that the ESY changes the June 30 end of the actual school

year as defined in N.J.S.A. 18A:36-1.  It appears to the Court that, rather than formally extending a school year past the dates described in N.J.S.A. 18A:36-1, an ESY is merely a supplemental program that provides some educational benefits additional to those normally provided by the school.  This impression is confirmed by referral to N.J. Dept. of Education website which explains that ESY services are not meant to duplicate all of the services offered during the regular school year.

Indeed, the ESY need not be administered in a classroom setting and may be as minimal as "[s]upport services for maintenance of skills, such as math, reading, etc.; [h]ome instruction or consultation to provide parents with support and materials to prevent regression . . . [or] recreational services to provide for the maintenance of identified [education plan] skills."  *See* N.J. Dept. of Educ. Special Educ. Extended Year Services Introduction, http://www.state.nj.us/njded/specialed/esy/esy2.htm (last visited Dec. 7, 2006).  Moreover, recent decisions in this Circuit have discussed ESY programs that were so limited as to resemble short-term tutoring programs.  *See, e.g., Montclair Bd. of Educ. v.  M.W.D.*, 182 Fed.Appx. 136, 137 (3d Cir. 2006) (ESY per a settlement agreement may be offered as 20 hours tutoring over the course of four weeks in July).

Based on this review of the parameters of an ESY, the Court is convinced that this program, rather than a formal extension of the school year,  is actually a misleading term for additional special educational services outside of a normal program similar to the concept of funded tutoring.  Indeed, had the program been entitled 'additional educational support' instead of 'extended school year,' this confusion might all have been avoided.  However, because the ALJ's decision misapplied the law and incorrectly considered M.T.'s ESY a true extension of the end of the 2005-2006 school year, it must be **REVERSED** and Defendant must fund all of the

costs for M.T. to receive special education and related services at Woods Services, retroactive from the date Defendant ceased making such payments on or about August 21, 2006 (if such payments have not yet been made), and until the end of the 2006-2007 school year on June 30, 2007.

## **CONCLUSION**

Because both the IDEA and New Jersey law authorize M.T.'s public education through June 30, 2007, the Court will **GRANT** summary judgment in favor of Plaintiff and **REVERSE** ALJ Clancy's August 23, 2006 Final Summary Decision.  Furthermore, Defendant must fund all of the costs for M.T. to receive special education and related services at Woods Services, retroactive from the date Defendant ceased making such payments on or about August 21, 2006 (if such payment have not yet been made), and until the end of the 2006-2007 school year on June 30, 2007.

An appropriate order will follow.


**Dated:**   December 7th, 2006                     s/ William J. Martini
                                                    **William J. Martini, U.S.D.J.**